UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

John Madden,                     :
        Plaintiff,               :
                                 :
    v.                           :        File No. 1:04-CV-312
                                 :
Vermont Environmental            :
Court, Vermont Supreme           :
Court,                           :
        Defendants.              :

OPINION AND ORDER
(Paper 2)

Plaintiff John Madden has filed a complaint claiming

that he has "been deprived of Civil Right [sic] of due

process in Vermont Environmental and Supreme Courts."

(Paper 1).  Madden's claim appears to arise out of the

defendants' denials of his motions to recuse an

Environmental Court judge.  Madden has filed at least

three federal complaints against Vermont courts in the

past, and each has been dismissed as barred by the

Eleventh Amendment.  (Paper 2, Ex. A, B & C).  In this

case, the defendants again move for dismissal on Eleventh

Amendment grounds, and ask that the Court require Madden

to seek leave of the Court before filing any further

actions "of this nature."  (Paper 2 at 5).  For the

reasons set forth below, the defendants' motion to

dismiss is GRANTED, and this case is DISMISSED.

Furthermore, it is hereby ORDERED that Madden must request leave of the Court before filing any further complaints against the courts of the State of Vermont.

<u>Factual Background</u>

Madden's complaint consists of a one-sentence allegation that he has been deprived of his civil rights, with a reference to attachments.  Those attachments include an order of the Vermont Supreme Court denying Madden's request "for permission to appeal an interlocutory order denying his request to recuse the environmental court judge . . . ."  (Paper 1, Ex. 1). The attachments also include filings by Madden in support of recusal, and a 2002 decision of the Environmental Court.  (Paper 1, Ex. 2-5).

Madden now brings this action against the Vermont Supreme and Environmental Courts, presumably based upon the decisions attached to his complaint.  This is not Madden's first complaint against Vermont courts.  As noted above, Madden has filed at least three prior federal suits against the Vermont Supreme Court.  <u>See</u> <u>Madden et al. v. Vermont Supreme Court</u>, 1:00-CV-121; <u>Madden v. Vermont Supreme Court</u>, 1:00-CV-371; <u>Madden v.</u>

<u>Vermont Supreme Court</u>, 1:00-CV-462.  Each of those cases
was dismissed for lack of subject matter jurisdiction
under the Eleventh Amendment.  The Second Circuit
affirmed each dismissal, and in the third instance warned
that "further filing of suits and appeals in connection
with the facts of this case may result in the imposition
of sanctions, which may include a requirement that he
obtain leave of this Court prior to the filing of any
further requests for relief in this Court . . . ."
(Paper 2, Ex. F).

Discussion

I.    <u>Eleventh Amendment Immunity</u>

The Eleventh Amendment to the United States
Constitution bars suits by private citizens against a
state or its agencies in federal court unless the state
has waived its immunity or Congress has overridden that
immunity.  <u>See</u> <u>Pennhurst State School & Hosp. v.
Halderman</u>, 465 U.S. 89, 98-99 (1984).  A state can only
waive its sovereign immunity by unequivocal expressions
or actions.  <u>Id.</u> at 99.  Similarly, Congress can waive
state sovereign immunity only where it has unequivocally
expressed its intent to abrogate the immunity, and where

it acted pursuant to a valid exercise of power.  See

Seminole Tribe v. Florida, 517 U.S. 44, 55 (1996);

Pennhurst, 465 U.S. at 99.

In this case, it is clear that neither Vermont nor

Congress has waived the State's immunity.  See 12 V.S.A.

§ 5601(g) ("Nothing in this chapter waives the rights of

the state under the Eleventh Amendment of the United

States Constitution.").  It is equally clear that Vermont

courts are arms of the State of Vermont.  See Vt. Const.

ch. II, § 4.  Accordingly, Madden's suit against the

Vermont Supreme Court and the Vermont Environmental Court

is barred by the Eleventh Amendment.

II.  Protective Relief

The Second Circuit has recognized that "courts may

resort to restrictive measures that except from normally

available procedures litigants who have abused their

litigation opportunities."  See Martin-Trigona v.

Sassower, 9 F.3d 226, 228 (2d Cir. 1993) (citations

omitted).  Those measures may include "subjecting a

vexatious litigant to a 'leave of court' requirement with

respect to future filings."  Id. at 229 (citations

omitted).  Here, Madden has been allowed to file four

4

suits against the courts of the State of Vermont, and each has now been dismissed on Eleventh Amendment grounds.  At this point, it should be readily apparent to Madden that suits seeking federal review of state court actions, with the state court named as the defendant, will generally be unsuccessful.  In light of Madden's continued insistence on filing such claims, however, the defendants are now entitled to protection.  It is, therefore, hereby ORDERED that Madden must obtain leave of the Court before filing suit in this Court against a court of the State of Vermont.

Conclusion

For the reasons set forth above, the defendants' motion to dismiss (Paper 2) is GRANTED, and this case is DISMISSED.  It is further ORDERED that Madden must request leave of the Court before filing any further complaints in this Court against a court of the State of Vermont.

Dated at Brattleboro, in the District of Vermont, this 14th day of June, 2005.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge